UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
AHMED HANAFI,

                                  Plaintiff,

    -against-

THE CITY OF NEW YORK; JOHN GERGIS; JOHN ARKENAD; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                                Defendants.
------------------------------------------------------------------------X

***COMPLAINT AND JURY DEMAND***

ECF CASE

Docket No. 1:16-CV-6909

Plaintiff Ahmed Hanafi, by his attorney Cary London, Esq. of London Indusi, LLP, for his complaint against the above Defendants alleges as follows:

**PRELIMARY STATEMENT**

1. This is a civil rights action in which Plaintiff seeks relief through 42 U.S.C. §1983 and 42 U.S. §1988 for the violation of his civil rights protected by the Fourth and Fourteenth Amendments, in addition to violations of the Laws of the State of New York.

2. The claim arises from a July 29, 2016 incident in which defendants, acting under color of state law, unlawfully detained, assaulted, and arrested Mr. Hanafi for no valid reason. As a result of this unlawful detainment and arrest, Mr. Hanafi was deprived of liberty for approximately 24 hours, and received medical treatment for his injuries. Mr. Hanafi reluctantly accepted an Adjournment in Contemplation of Dismissal at arraignments.

3. Plaintiff seeks monetary damages (compensatory and punitive) against Defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

1

## JURISDICTION

4. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988 and the Laws of the State of New York.

5. The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 1367(a) and the doctrine of pendant jurisdiction.

## VENUE

6. Venue is laid within the Eastern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District. 28 U.S.C. § 1391 (b) and (c).

## PARTIES

7. Plaintiff Ahmed Hanafi ("Mr. Hanafi") resided at all times in Kings County, in the City and State of New York.

8. The Defendant City of New York (or "the City") is a municipal corporation organized under the laws of the State of New York.

9. At all times relevant hereto, Defendant City, acting through the New York Police Department (or "NYPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all NYPD personnel, including police officers, detectives and supervisory officers as well as the individually named Defendants herein.

10. In addition, at all times here relevant, Defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and the State of New York.

11. Defendant John Gergis ("Gergis") was, at all times here relevant, a police officer

employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Gergis was, at the time relevant herein, a Police Officer under Shield # 04088 in the 69th Precinct. Defendant Gergis is sued in his individual capacity.

12. Defendant John Arkenad ("Arkenad") was, at all times here relevant, a police officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Arkenad was, at the time relevant herein, a Police Officer under Shield # 27195 in the 69th Precinct. Defendant Arkenad is sued in his individual capacity.

13. At all times relevant Defendants John and Jane Doe 1 through 10 were police officers, detectives, supervisors, policy makers and/or officials employed by the NYPD. At this time, Plaintiff does not know the real names and/or shield number of Defendants John and Jane Doe 1 through 10.

14. At all times relevant herein, Defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

15. At all times here mentioned Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

16. Within 90 days of the events rising to these claims, Plaintiff filed written notices of claim with the New York City Office of the Comptroller.

17. Over 30 days have elapsed since the filing of those notices, and this matter has not been settled or otherwise disposed of.

18. This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

**FACTUAL CHARGES**

3

19. On July 29, 2016, at approximately 5:30 p.m., Mr. Hanafi was lawfully and innocently present in front of his home located at 981 East 92nd Street in Brooklyn, New York.

20. Defendants Gergis and Arkenad approached Plaintiffs house in a marked NYPD van with the sirens and lights on.

21. Defendants Gergis and Arkenad called out to Mr. Hanafi from the street, and ordered him to come to their NYPD Van.

22. Defendants Gergis and Arkenad then exited their vehicle and approached Mr. Hanafi.

23. Defendants, including defendants Gergis and Arkenad, ordered Mr. Hanafi to provide identification.

24. Mr. Hanafi respectfully complied with the defendants' requests, and retrieved identification from his vehicle.

25. Plaintiff Hanafi had a valid drivers license and no outstanding warrants.

26. Defendants Gergis and Arkenad then screamed at Plaintiff, in sum and substance, "You little bitch."

27. Plaintiff stood next to Defendants Gergis and Arkenad with his hands by his side.

28. Thereafter, defendants, including defendants Gergis and Arkenad, grabbed Mr. Hanafi, placed him in a headlock, and threw him violently against his vehicle.

29. As a result, Mr. Hanafi's face was caused to smack against the side of the car, causing a chipped tooth and significant pain thereon.

30. Plaintiff asked, "What did I do?"

31. Defendants responded, "Shutup or I will beat the shit out of you."

32. Defendants, including defendants Gergis and Arkenad, unlawfully handcuffed Mr. Hanafi.

33. Plaintiffs mother came outside and observed the unlawful arrest.

34. At no point did the defendants observe Mr. Hanafi commit any crime or offense.

35. Mr. Hanafi did not resist arrest.

36. Defendants, including defendants Gergis and Arkenad, proceeded to search Mr. Hanafi without his permission or authority.

37. No contraband or anything of illegality was found on Mr. Hanafi.

38. Defendants, including defendants Gergis and Arkenad, had no probable cause or reasonable suspicion to arrest Mr. Hanafi.

39. Thereafter, Defendants transported Mr. Hanafi to the precinct.

40. Mr. Hanafi inquired as to why he was being arrested.

41. Defendants refused to tell Mr. Hanafi why he was being arrested.

42. Defendants brought Mr. Hanafi to the 69th Precinct.

43. Eventually, Mr. Hanafi was transported to central bookings in Brooklyn.

44. While Plaintiff was in central booking, defendants, including defendants Gergis and Arkenad, acting with malice, conveyed false information to prosecutors in order to have plaintiff prosecuted for Resisting Arrest, Attempted Assault, and Disorderly Conduct.

45. Upon information and belief, Defendant Gergis and Arkenad prepared false paperwork relating to Mr. Hanafi's case.

46. Plaintiff Hanafi spent approximately 24 hours unlawfully detained in police custody.

47. At arraignments, Mr. Hanafi reluctantly accepted an Adjournment in Contemplation in Dismissal.

48. During all of the events described, the individual defendants Gergis and Arkenad acted maliciously and with intent to injure Plaintiff.

5

49. At all times relevant hereto, defendants Gergis and Arkenad were involved in the decision to arrest Plaintiff without probable cause or failed to intervene in the actions of his fellow officers when he observed them arresting Plaintiff without probable cause.

50. As a direct and proximate result of the acts of Defendants, Plaintiff suffered the following injuries and damages: a violation of his rights pursuant to the Fourth and Fourteenth Amendment of the United States Constitution, violation of New York State law, physical injury, physical pain and suffering, emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety, loss of liberty and harm to reputation.

**FIRST CAUSE OF ACTION**
Unlawful Stop and Search
42 U.S.C. § 1983 Against Individual Defendants

51. The above paragraphs are here incorporated by reference as though fully set forth.

52. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched Plaintiff without reasonable suspicion.

53. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein before alleged.

**SECOND CAUSE OF ACTION**
False Arrest Under
42 U.S.C. § 1983 Against Individual Defendants

54. The above paragraphs are here incorporated by reference as though fully set forth.

55. The Defendants violated the Fourth and Fourteenth Amendments to the U.S. Constitution by wrongfully and illegally arresting, detaining and imprisoning Plaintiff.

56. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and

imprisonment of Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.

57. At all relevant times, Defendants acted forcibly in apprehending, arresting, and imprisoning Plaintiff.

58. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CAUSE OF ACTION
False Arrest and False Imprisonment Under
New York State Law Against All Defendants

59. The above paragraphs are here incorporated by reference as though fully set forth.

60. Defendants subjected Plaintiff to false arrest, false imprisonment, and deprivation of liberty without probable cause.

61. Plaintiff was conscious of his confinement.

62. Plaintiff did not consent to his confinement.

63. Plaintiff's arrest and false imprisonment was not otherwise privileged.

64. Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

65. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FOURTH CAUSE OF ACTION
Failure to Intervene Under
42 U.S.C. § 1983 Against Individual Defendants

66. The above paragraphs are here incorporated by reference as though fully set forth.

67. Those Defendants that were present but did not actively participate in the

aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

68. Accordingly, the Defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

69. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FIFTH CAUSE OF ACTION
Denial of Right to Fair Trial Under
42 U.S.C. § 1983 Against Individual Defendants

70. The above paragraphs are here incorporated by reference as though fully set forth.

71. The individual Defendants created false evidence against Plaintiff, to wit, sworn documents and testimony alleging Mr. Hanafi committed unlawful acts.

72. The individual Defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

73. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual Defendants violated Plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

74. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SIXTH CAUSE OF ACTION
Negligent Hiring/Training/Retention Under
New York State Law Against City of New York

75. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

76. Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the

conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

77. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

78. Upon information and belief, Defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

79. Upon information and belief, Defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

80. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### SEVENTH CAUSE OF ACTION
Intentional Infliction of Emotional Distress Under
New York State Law Against All Defendants

81. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

82. By reason of the foregoing, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each committed conduct so extreme and outrageous as to constitute the intentional infliction of emotional distress upon plaintiff.

83. The intentional infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

84. Defendants, their officers, agents, servants, and employees were responsible for the intentional infliction of emotional distress upon plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

85. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages

hereinbefore alleged.

### EIGHTH CAUSE OF ACTION
Negligent Infliction of Emotional Distress Under
New York State Law Against All Defendants

86. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

87. By reason of the foregoing, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each were negligent in committing conduct that inflicted emotional distress upon plaintiff.

88. The negligent infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

89. Defendants, their officers, agents, servants, and employees were responsible for the negligent infliction of emotional distress upon plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

90. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### NINTH CAUSE OF ACTION
Excessive Force Under
42 U.S.C. § 1983

91. The above paragraphs are here incorporated by reference as though fully set forth.

92. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on the plaintiff without consent.

93. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### TENTH CAUSE OF ACTION
Assault and Battery Under

New York State Law

94. The above paragraphs are here incorporated by reference as though fully set forth.

95. The individual defendants made plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching.

96. The individual defendants engaged in and subjected plaintiff to immediate harmful and/or offensive touching and battered him without his consent.

97. The individual Defendants used excessive and unnecessary force with plaintiff.

98. Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

99. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants, jointly and severally, as follows:

a) In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;
b) Awarding Plaintiff punitive damages in an amount to be determined by a jury;
c) Awarding Plaintiff compensatory damages in an amount to be determined by a jury;
d) Awarding Plaintiff reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and
e) Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: December 14, 2016
Brooklyn New York

Respectfully submitted,

               /s/ Cary London, Esq.
          *Cary London, Esq.*
          Bar Number: CL2947
          Attorney for Mr. Hanafi
          London Indusi LLP
          186 Joralemon Street, Suite 1202
          Brooklyn, NY 11201
          (718) 301-4593 – Phone
          (718) 247-9391 – Fax
          Cary@LondonIndusi.com